UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JERRY PERKINS, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 4:14-CV-1755-SPM |
| MYRTLE HILLIARD DAVIS, d.b.a. FLORENCE HILL, et al., | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This case is before the Court on Plaintiff's motion to strike the affirmative defenses of Defendant Myrtle Hilliard Davis (Doc. 21) and Plaintiff's motion to strike the affirmative defenses and motion to dismiss of Defendant Inez Lampkin (Docs. 30, 31). The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. 636(c)(1). (Doc. 28). For the reasons stated below, both motions will be denied.

I. **BACKGROUND**

On December 23, 2104, Plaintiff Jerry Perkins ("Plaintiff"), acting *pro se*, filed an Amended Complaint against Defendants Myrtle Hilliard Davis Comprehensive Health Center, Inc. ("Defendant MHD"), and Inez Lampkin ("Defendant Lampkin"). (Doc. 17). He asserts claims that he was discriminated against and retaliated against based on his gender, in violation of Title VII of the Civil Rights Act and the Missouri Human Rights Act. On January 2, 2015, Defendant MHD filed its Answer, in which it asserted fourteen affirmative defenses. (Doc. 19). On February 10, 2015, Defendant Lampkin filed a motion to dismiss the claims against her under

1

Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), arguing that Plaintiff's Amended Complaint fails to state a claim upon which relief may be granted and that this Court lacks jurisdiction over the claims against her. (Doc. 26). She has not filed an answer to the Amended Complaint.

## II. DISCUSSION

### A. Motion to Strike Defendant MHD's Affirmative Defenses

In his first motion, Plaintiff requests that the Court strike each of Defendant MHD's affirmative defenses under Federal Rule of Civil Procedure 12(f). Rule 12(f) provides, "The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter" either on its own or on a motion made by a party. The Court has broad discretion in resolving a motion to strike. *Stanbury Law Firm v. Internal Revenue Serv.,* 221 F.3d 1059, 1063 (8th Cir. 2000). "In ruling on a motion to strike, the Court views the pleadings in the light most favorable to the pleader." *Speraneo v. Zeus Tech., Inc.*, 4:12-CV-578-JAR, 2012 WL 2117872, *1 (E.D. Mo. June 11, 2012) (citing *Cynergy Ergonomics, Inc. v. Ergonomic Partners, Inc.*, 2008 WL 2817106, at *2 (E.D. Mo. July 21, 2008)).

Motions to strike are "viewed with disfavor and are infrequently granted." *Stanbury Law Firm*, 221 F.3d at 1063 (internal quotation marks omitted). As other courts have observed, "'motions to strike can be nothing other than distractions. If a defense is clearly irrelevant, then it will likely never be raised again by the defendant and can be safely ignored. If a defense may be relevant, then there are other contexts in which the sufficiency of the defense can be more thoroughly tested with the benefit of a fuller record—such as on a motion for summary judgment.'" *Shirrell v. St. Francis Med. Ctr.*, No. 1:13-CV-42 SNLJ, 2013 WL 3457010, at *1 (E.D. Mo. July 9, 2013) (quoting *Morgan v. Midwest Neurosurgeons*, LLC, No. 1:11-CV-37 CEJ, 2011 WL 2728334, *1 (E.D. Mo. July 12, 2011)); *see also Speraneo*, 2012 WL 2117872, at*1 (E.D. Mo. June 11, 2012) (quoting same).

"A motion to strike an affirmative defense should not be granted 'unless, as a matter of law, the defense cannot succeed under any circumstances or is immaterial in that it has no essential or important relationship to the claim for relief.'" *Speraneo*, 2012 WL 2117872, at *1 (quoting *Cynergy Ergonomics*, 2008 WL 2817106, at *2, and citing *Federal Deposit Ins. Corp. v. Coble*, 720 F. Supp. 748, 750 (E.D. Mo. 1989)). In addition, "[a] motion to strike should not succeed unless the party shows that it is prejudiced by the inclusion of a defense or that a defense's inclusion confuses the issues." *Id.*; *see also Shirrell*, 2013 WL 3457010, at *1.

Defendant MHD has asserted fourteen affirmative defenses: (1) failure to state a claim upon which relief can be granted; (2) lack of subject matter jurisdiction; (3) failure to exhaust administrative remedies; (4) statute of limitations; (5) lawful and legitimate business reasons for the alleged actions against Plaintiff; (6) good faith; (7) policies against unlawful harassment; (8) offset of damages; (9) unconstitutionality of punitive damages here; (10) limitation of punitive damages under Mo. Rev. Stat. § 510.265; (11) request for a bifurcated trial with respect to punitive damages; (12) after-acquired evidence doctrine; (13) waiver and estoppel; and (14) reservation of right to plead additional defenses. (Doc. 19).

In his motion, Plaintiff offers brief arguments about why these defenses would be unsuccessful in this case. However, at this stage of the litigation, the Court cannot say that any of these affirmative defenses cannot succeed under any circumstances or are immaterial to Plaintiff's claims for relief. Moreover, Plaintiff has also not shown that failure to strike these defenses will prejudice him or will confuse the issues. Therefore, the motion to strike Defendant MHD's affirmative defenses will be denied. *See Shirrell*, 2013 WL 3457010, at *2; *Speraneo*, 2012 WL 2117872, at *2.

**B. Motion to Strike Affirmative Defenses and Motion to Dismiss of Defendant Inez Lampkin**

In his second motion, Plaintiff requests that the Court strike the affirmative defenses asserted by Defendant Lampkin. However, Defendant Lampkin has not filed any pleading in which she asserts affirmative defenses. Thus, to the extent Plaintiff's motion is directed toward her affirmative defenses, his motion must be denied.

In the memorandum Plaintiff filed in support of his motion to strike, he also requests that the Court strike Defendant Lampkin's Motion to Dismiss. (Doc. 31). However, under the plain language of Rule 12(f), a motion to strike is properly directed only to a "pleading." Pleadings are defined to include a complaint, an answer to a complaint, an answer to a counterclaim, an answer to a crossclaim, a third-party complaint, an answer to a third-party complaint, and a reply to an answer. Fed. R. Civ. P. 7(a). "This Court generally restricts the use of motions to strike to actual pleadings." *Metropolitan Cas. Ins. Co. v. Combs*, No. 4:13-CV-1813 CAS, 2014 WL 988452, at *2 (E.D. Mo. Mar. 13, 2014) (citing *Khamis v. Bd. Of Regents, Southeast Mo. State Univ.*, 2010 WL 1936228, at *1) (E.D. Mo. May 13, 2010)); *Donnelly v. St. John's Mercy Med. Ctr.*, 2009 WL 1259364, at *1-2 (E.D. Mo. May 5, 2009; *Mecklenburg Farm, Inc. v. Anheuser-Busch, Inc.*, 2008 WL 2518561, at *1 (E.D. Mo. June 19, 2008)).

Because Plaintiff's request to strike is directed to a Defendant Lampkin's motion to dismiss and not to a pleading, it must be denied. *See Metropolitan Cas. Ins. Co.*, 2014 WL 988452, at *2 (denying a motion to strike because it was "directed to a motion to dismiss and not to a pleading"). However, the Court will construe Plaintiff's motion to strike and memorandum in support to be Plaintiff's opposition to Defendant Lampkin's motion to dismiss, and the Court will consider the arguments therein when ruling on the motion to dismiss.

## III. CONCLUSION

For all of the above reasons,

**IT IS HEREBY ORDERED** that Plaintiff's motion to strike Defendant Myrtle Hilliard Davis's affirmative defenses (Doc. 21) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's motion to strike the Defendant Inez Lampkin's affirmative defenses and motion to dismiss (Doc. 30) is **DENIED**.

    /s/Shirley Padmore Mensah
    SHIRLEY PADMORE MENSAH
    UNITED STATES MAGISTRATE JUDGE

<u>Dated</u>: March 25, 2015.