UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JERRY PERKINS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:14-CV-01755-SPM |
| | ) |
| MYRTLE HILLIARD DAVIS | ) |
| d/b/a FLORENCE HILL, | ) |
| and INEZ LAMPKIN, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on the Motion to Dismiss filed by Defendant Inez Lampkin. (Doc. 26). The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636. (Doc. 28). For the reasons stated below, the Court will grant Defendant Lampkin's motion.

**I.  FACTUAL AND PROCEDURAL BACKGROUND**

Jerry Perkins ("Plaintiff"), acting *pro se*, brings this action against both Myrtle Hilliard Davis Comprehensive Health Centers, Inc. ("MHD"), his employer, and Inez Lampkin ("Lampkin"), his supervisor. He alleges claims of gender discrimination, retaliation, and disparate treatment based on race pursuant to both Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"), and the Missouri Human Rights Act, Mo. Rev. Stat. § 213.055 *et seq.* ("MHRA"). In his gender discrimination claim, Plaintiff alleges that Lampkin called him and told him that he was being suspended without pay due to an incident in which he inappropriately took a smoking break. He alleges that a female coworker who joined him on that break was not suspended and claims that Lampkin intervened on behalf of the female coworker

1

to forestall her punishment, but took no such action on Plaintiff's behalf because of his gender. In Plaintiff's retaliation claim, Plaintiff alleges that another MHD employee, Mrs. Shabazz, took various actions against him after he filed an EEOC complaint based on gender discrimination; the allegations in that claim do not mention Lampkin. In his race discrimination claim, Plaintiff alleges that African American employees were required to work in urgent care but that a particular white employee was not. The sole allegation against Lampkin in connection with this claim was that she "shared in the illegal actions against the Plaintiff." (Doc. 17, ¶ 28).

Before filing the instant action, Plaintiff filed a Charge of Discrimination (the "Charge") with the Equal Employment Opportunity Commission ("EEOC") on January 21, 2014. In the Charge, Plaintiff named only MHD as the discriminating party and alleged discrimination only on the basis of sex. The only mentions of Lampkin in the Charge were that she was Plaintiff's immediate supervisor and that she informed Plaintiff of his suspension via telephone. After the EEOC issued Plaintiff a right-to-sue letter, Plaintiff initiated the instant action against both MHD and Lampkin.[1] (Doc. 17).

On February 10, 2015, Lampkin filed the instant Motion to Dismiss. She argues that the Court should (1) dismiss Plaintiff's Title VII claims against her because individuals are not subject to liability under that statute; (2) dismiss Plaintiff's MHRA claims against her for failure to exhaust his administrative remedies; and (3) in the alternative, dismiss Plaintiff's MHRA claims against her for failure to allege facts sufficient to state a claim.

---

[1] Plaintiff's initial Complaint, filed on October 16, 2014, named only MHD as a defendant. (Doc. 1). Lampkin was added as a defendant in the Amended Complaint, filed December 23, 2014. (Doc. 17).

## II. LEGAL STANDARD

When ruling on a Rule 12(b)(6) motion to dismiss, the court must accept as true all of the factual allegations in the complaint, but it need not accept legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim satisfies the plausibility standard "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S., at 556).

"In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, [the court] hold[s] 'a *pro se* complaint, however inartfully pleaded, . . . to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus,* 551 U.S. 89, 94 (2007)); *see also Whitson v. Stone Cnty. Jail,* 602 F.3d 920, 922 n. 1 (8th Cir. 2010) ("*[P]ro se* litigants are held to a lesser pleading standard than other parties . . . .'") (quoting *Fed. Express Corp. v. Holowecki*, 552 U.S. 389, 402 (2008)).

## III. DISCUSSION

### A. Title VII Claims

Lampkin moves to dismiss Plaintiff's Title VII claims against her on the ground that individuals are not subject to liability under that statute. It is well-settled in the Eighth Circuit that Title VII "does not provide for an action against an individual supervisor." *Van Horn v. Best Buy Stores, L.P.*, 526 F.3d 1144, 1147 (8th Cir. 2008) (affirming summary judgment for individual defendant on a Title VII claim). *See also Ebersole v. Novo Nordisk, Inc.*, No. 1:11-CV-25 SNLJ, 2011 WL 6115655, at *1 (E.D. Mo. Dec. 8, 2011) ("It is well-settled in the Eighth

Circuit that individuals are not subject to individual liability under Title VII of the Civil Rights Act of 1964."). Accordingly, Plaintiff's Title VII claims against Lampkin will be dismissed.

**B. MHRA Claims**

Unlike Title VII, the MHRA permits claims against individual supervisors. *Hill v. Ford Motor Co.*, 277 S.W.3d 659, 669 (Mo. 2009). However, Lampkin argues that the Court should dismiss the MHRA claims against her because Plaintiff failed to exhaust his administrative remedies. The Court agrees.

Under the MHRA, a plaintiff must exhaust his or her administrative remedies before initiating a civil action. *Tart v. Hill Benham Lumber Co.*, 31 F.3d 668, 671 (8th Cir. 1994); *Reed v. McDonald's Corp.*, 363 S.W.3d 134, 143 (Mo. Ct. App. 2012); *Coleman v. Mo. Sec'y of State*, 313 S.W.3d 148, 153-54 (Mo. Ct. App. 2010). In order to exhaust administrative remedies for a claim under the MHRA, "a party must timely file an administrative complaint with [the Missouri Commission on Human Rights ("MCHR")] and either adjudicate the claim through MCHR or obtain a right-to-sue letter." *Stuart v. Gen. Motors Corp.*, 217 F.3d 621, 630 (8th Cir. 2000) (citing Mo. Rev. Stat. § 213.111(1)).

Lampkin contends that: (1) as to all MHRA claims against her, Plaintiff failed to exhaust his administrative remedies by not naming Lampkin as a respondent in his Charge of Discrimination; and (2) as to the race and retaliation claims against Lampkin, Plaintiff failed to exhaust his administrative remedies for the additional reason that neither of these claims was included in the Charge. The Court will address each contention in turn.

*1. Failure to Name Lampkin in the Charge of Discrimination*

Lampkin first argues that the claims against her should be dismissed because Plaintiff did not name Lampkin as a respondent in his Charge of Discrimination. The MHRA provides, in relevant part:

> Any person claiming to be aggrieved by an unlawful discriminatory practice may make, sign and file with the commission a verified complaint in writing . . . which **shall state the name and address of the person alleged to have committed the unlawful discriminatory practice and which shall set forth the particulars thereof** and such other information as may be required by the commission . . .

Mo. Rev. Stat. § 213.075(1) (2014) (emphasis added). The Missouri Supreme Court has suggested that this requirement serves two purposes: providing notice to the charged party, and affording the charged party an opportunity to achieve voluntary compliance through conciliation while avoiding litigation. *Hill*, 277 S.W.3d at 669.

When a plaintiff fails to identify a particular individual in his administrative charge, the Court should generally dismiss any subsequent MHRA claims against that individual pursuant to Rule 12(b)(6) for failure to exhaust administrative remedies. *See Thomas v. Nash*, No. 4:14-CV-1993 ERW, 2015 WL 1222396, at *2 (Mar. 17, 2015) (citing *Hill*, 277 S.W.3d at 669-70); *Jackson v. Mills Props.*, No. 4:11CV419SNLJ, 2011 WL 3607920, at *4 (E.D. Mo. Aug. 12, 2011). However, if permitting suit would not frustrate the purposes behind the exhaustion requirement, then the failure to name an individual in the administrative charge does not require dismissal. *Hill*, 277 S.W.3d at 669. Thus, a suit may still proceed against an individual not named in an administrative charge if there is a "sufficient identity of interest" between the named and unnamed parties. *Id.*; *Thomas*, 2015 WL 1222396, at *2. In *Hill*, the Missouri Supreme Court stated that whether such identity of interest exists depends on a balancing of four factors:

> "1) whether the role of the unnamed party could through reasonable effort by the complainant be ascertained at the time of the filing of the EEOC complaint; 2)

whether, under the circumstances, the interests of a named are so similar as the unnamed party's that for the purpose of obtaining voluntary conciliation and compliance it would be unnecessary to include the unnamed party in the EEOC proceedings; 3) whether its absence from the EEOC proceedings resulted in actual prejudice to the interests of the unnamed party; 4) whether the unnamed party has in some way represented to the complainant that its relationship with the complainant is to be through the named party."

*Hill*, 277 S.W.3d at 669-70 (quoting *Glus v. G.C. Murphy Co.*, 562 F.2d 880, 888 (3d Cir. 1977)).

Since it is undisputed that Plaintiff did not name Lampkin as a respondent in his Charge of Discrimination, the question is whether a sufficient identity of interest existed between Lampkin, the unnamed party, and MHD, the named party. Applying the four *Hill* factors, the Court concludes that a sufficient identity of interest did not exist.

First, Plaintiff could plainly have ascertained Lampkin's role at the time he filed his Charge of Discrimination. Because Lampkin was Plaintiff's direct supervisor, her role in the adverse employment action against him would have been apparent to him. Indeed, Plaintiff mentioned Lampkin in the "Particulars" section of his Charge as his supervisor and as the person who notified him of his suspension.[2] Consequently, the first factor favors dismissal. *See Thomas*, 2015 WL 1222396, at *2-*3 (the fact that Plaintiff knew about his direct supervisor's role at the time of filing the MCHR charge weighed in favor of dismissal); *Jackson*, 2011 WL 3607920, at *2 (same).

The second factor addresses whether Lampkin and MHD have such similar interests that it would have been unnecessary to include Lampkin in the EEOC proceedings. An employer-

---

[2] The mere fact that Plaintiff mentioned in the narrative portion of the Charge that Lampkin was his supervisor and informed him of the discipline against him is insufficient to satisfy the MHRA's exhaustion requirement as to claims against her. *See Jackson*, 2011 WL 3607920, at *2 (applying the *Hill* factors and dismissing claims against individual defendants not named as respondents despite the fact that the plaintiff had mentioned them in the substantive portion of the EEOC charge).

employee relationship, standing alone, cannot create such similarity of interests. *See Borders v. Trinity Marine Prods., Inc.*, No. 1:10-CV-146 HEA, 2010 WL 5139343, at *3 (E.D. Mo. Dec. 9, 2010) ("The risk of each individual being personally sued is far different than a suit against their employer."). *See also Thomas*, 2015 WL 1222396, at *4; *Jackson*, 2011 WL 3607920, at *3. This is because an employee may approach an administrative investigation very differently when her employer faces potential liability than when she is at risk personally. *See Thomas*, 2015 WL 1222396, at *4 ("An individual with personal assets at stake has a stronger interest in the conciliation process when exposed to personal liability."). Because there is no other indication in the pleadings that Lampkin's interests are similar to MHD's, this factor also weighs in favor of dismissal.

In addressing the third factor, the Court considers whether Lampkin was prejudiced by the inability to respond to the MCHR investigation or engage in conciliation. *Thomas*, 2015 WL 1222396, at *4. The pleadings in this case do not reveal whether conciliation was in fact attempted by the MCHR. Thus, it is unclear whether Lampkin was prejudiced, and this factor weighs in neither party's favor. *See id.* (finding this factor weighed in neither party's favor where there was no indication of whether conciliation with the named respondent was ever attempted or offered).

In addressing the fourth factor, the Court considers whether Lampkin in some way represented to Plaintiff that Lampkin's relationship with Plaintiff was to be through MHD—i.e., whether Lampkin represented herself to Plaintiff as a "virtual alter ego" of MHD. *See Borders*, 2010 WL 5139343, at *3; *Thomas*, 2015 WL 1222396, at *4. Courts have refused to find an individual supervisor to be an alter ego of her employer merely based on the employment relationship, noting that to do so "would make every employee of every corporate defendant

7

subject to a discrimination lawsuit even when he or she is unnamed in the Charge." *Thomas*, 2015 WL 1222396, at *4; *see also Jackson*, 2011 WL 3607920, at *3. Because there is no other indication in the pleadings that Lampkin represented herself to Plaintiff as MHD's alter ego, this factor favors dismissal.

In sum, the *Hill* factors applicable here all weigh against a finding of a substantial identity of interests between Lampkin and MHD. Therefore, each of Plaintiff's MHRA claims against Lampkin will be dismissed for failure to exhaust administrative remedies.

### 2. *Failure to Include Retaliation and Race Discrimination Claims in the Charge*

Lampkin also argues that, even if she had been named in the Charge of Discrimination, Plaintiff still failed to exhaust his administrative remedies with respect to his retaliation and race discrimination claims against her by not including them in the Charge. The Court agrees.

"In order to exhaust all administrative remedies, the claimant must give notice of all claims in his administrative complaint." *Reed*, 363 S.W.3d at 143. *See also Russell v. Bellefontaine Habilitation Ctr.*, Nos. 4:12CV01849 AGF, 4:13CV00334 AGF, 2013 WL 3092293, at *2 (E.D. Mo. June 18, 2013) ("The principle of exhaustion requires a claimant to give notice of all claims of discrimination in the administrative complaint.") (quotation marks omitted). Generally, this means that all MHRA claims contained in a lawsuit must also have been included in a prior administrative charge, because "[a]llowing a complaint to encompass allegations outside the ambit of the predicate . . . charge . . . deprive[s] the charged party of notice of the charge." *Russell*, 2013 WL 3092293, at *2 (quoting *Williams v. Little Rock Mun. Water Works*, 21 F.3d 218, 223 (8th Cir. 1994)). However, since "administrative complaints are interpreted liberally in an effort to further the remedial purposes of legislation that prohibits unlawful employment practices," *Reed*, 363 S.W.3d at 143 (quotation marks omitted),

8

"administrative remedies are deemed exhausted as to all incidents of discrimination that are like or reasonably related to the allegations of the administrative charge." *Alhalabi v. Mo. Dep't. of Natural Res.*, 300 S.W.3d 518, 525 (Mo. Ct. App. 2009). Furthermore, "the scope of the civil suit may be as broad as the scope of the administrative investigation which could reasonably be expected to grow out of the charge of discrimination." *Reed*, 363 S.W. at 143-44 (quoting *Alhalabi*, 300 S.W.3d at 525).

With respect to his retaliation claims against Lampkin, Plaintiff did not exhaust his administrative remedies. Plaintiff alleged the incidents of retaliation to have been perpetrated by another MHD employee, not Lampkin. In fact, Lampkin's name is not even mentioned in the retaliation count, making it probable that a retaliation claim against her would fail even if deemed exhausted. Even so, Plaintiff could not have exhausted his retaliation claim simply by alleging sex discrimination in the Charge, because his retaliation claim was neither like nor reasonably related to the sex discrimination claim. Plaintiff's Charge listed sex discrimination occurring on only a single date. The alleged retaliatory incidents, by contrast, took place over the course of several months following the alleged sex discrimination. An MCHR investigation into the events surrounding Plaintiff's sex discrimination claim on a discrete date thus would likely not have touched on any subsequent retaliation occurring over the succeeding months. *See Richter v. Advance Auto Parts, Inc.*, 686 F.3d 847, 854 (8th Cir. 2012) (applying Missouri law to an MHRA claim and holding retaliation claim to be neither like nor reasonably related to sex and race discrimination claims which were alleged to have taken place on a single date)

Nor was Plaintiff's race discrimination claim like or reasonably related to his sex discrimination claim. The race discrimination claim dealt with the scheduling of MHD employees working urgent care. An administrative investigation into a discrete incident of

9

alleged sex discrimination resulting from a smoking break could not be reasonably expected to grow into an investigation of whether the urgent care schedule was made in a racially discriminatory fashion. If Plaintiff meant for the MCHR investigation to cover all of this ground, then he was obligated to increase the breadth of his Charge allegations.

Therefore, even if Lampkin had been named in the Charge of Discrimination, Plaintiff's retaliation and race discrimination MHRA claims against her would still be dismissed for failure to exhaust administrative remedies.

Because all of Plaintiff's MHRA claims will be dismissed for failure to exhaust administrative remedies, the Court finds it unnecessary to address Lampkin's alternative argument that Plaintiff has failed to allege facts sufficient to state a claim under the MHRA.

### IV. CONCLUSION

For all of the above reasons, Plaintiff has failed to state a claim against Lampkin under either Title VII or the MHRA. Accordingly, Defendant Lampkin's Motion to Dismiss will be granted.

**IT IS HEREBY ORDERED** that Defendant Inez Lampkin's Motion to Dismiss (Doc. 26) is **GRANTED**.

/s/Shirley Padmore Mensah
SHIRLEY PADMORE MENSAH
UNITED STATES MAGISTRATE JUDGE

Dated: June 5, 2015.