UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JERRY PERKINS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:14-CV-1755-SPM |
| ) | |
| MYRTLE HILLIARD DAVIS, ) | |
| d/b/a FLORENCE HILL, and ) | |
| INEZ LAMPKIN, ) | |
| ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This case is before the Court on Plaintiff's renewed motions for appointment of counsel (Docs. 32 & 49); Defendant's Motion for Sanctions and Dismissal (Doc. 46); and Plaintiff's Request for Extension of Time to Reply to Defendant's Interrogatories and Request for Production of Documents (Doc. 54).

### I. BACKGROUND

On October 16, 2014, Plaintiff filed his *pro se* Complaint in this case, asserting employment discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et seq.* (Doc. 1). On the same day, he filed a motion for appointment of counsel. (Doc. 3). On October 31, 2014, the Court denied Plaintiff's motion for appointment of counsel, without prejudice. (Doc. 8). On March 3, 2015, Plaintiff filed a "Memorandum in Support of Appointment of Counsel" (Doc. 32); however, due to a docketing error, this was not entered as a motion, and the Court did not recognize that Plaintiff was renewing his motion for appointment of counsel. On March 25, 2015, the Court entered a Case Management Order requiring the parties to make their Rule 26(a)(1) disclosures no later than April 24, 2015 and

setting forth other discovery deadlines. (Doc. 38). In a motion to compel filed May 22, 2015, Defendant informed the Court that Plaintiff had not served any Rule 26(a)(1) disclosures and had not provided any answers, responses, or objections to Defendant's discovery requests. (Doc. 40). The Court held a hearing on the motion, and Plaintiff failed to appear. (Doc. 43). On June 4, 2015, the Court granted the motion and ordered Plaintiff to provide Defendant with Rule 26 disclosures and responses to discovery requests by June 18, 2015. (Doc. 44).

On June 22, 2015, Defendant filed the instant motion for sanctions and dismissal, stating that Plaintiff has still failed to provide Defendant with any Rule 26 disclosures or discovery responses. Defendant requests that the Court dismiss all of Plaintiff's claims, with prejudice, due to Plaintiff's failure to comply with the Court's orders. On June 25, 2015, the Court entered a Show Cause Order giving Plaintiff until July 10, 2015 to file a response explaining why his case should not be dismissed. On July 8, 2015, Plaintiff filed a response in which he again requested that counsel be appointed. (Doc. 49).

On July 22, 2015, Plaintiff filed a motion for extension of time (until July 31, 2015) to respond to Defendant's interrogatories and requests for production. Defendant opposes the motion. (Doc. 55).

## II. DISCUSSION

### A. Plaintiff's Motions for Appointment of Counsel

There is no constitutional right to appointed counsel in civil cases. *Phillips v. Jasper County Jail*, 437 F.3d 791, 793 (8th Cir. 2006); *Slaughter v. City of Maplewood*, 731 F.2d 587, 590 (8th Cir. 1984). Title VII provides that a court may appoint counsel "in such circumstances as the court may deem just." 42 U.S.C. § 2000e-5(f)(1). In evaluating a motion to appoint counsel in a Title VII case, the Court considers "(1) the plaintiff's financial resources, (2) the

plaintiff's efforts to secure counsel, and (3) the merits of the discrimination claim." *Slaughter v. City of Maplewood*, 731 F.2d 587, 590 (8th Cir. 1984). The Court may also consider "whether the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Nelson v. Redfield Lithograph Printing*, 728 F.2d 1003, 1005 (8th Cir. 1984).

Here, after consideration of the relevant factors, the Court finds that appointment of counsel is not warranted at this time. Plaintiff has been granted in forma pauperis status and has listed several attorneys he contacted in an effort to secure counsel, so the first two factors weigh in favor of appointment of counsel. It is difficult to assess the merits of Plaintiff's claims at this early stage of litigation, when the record contains little more than Plaintiff's Complaint and Defendant's motion to dismiss based on noncompliance with court orders. However, after review of all of the documents filed by the parties, the Court finds that the nature of this litigation is not such that counsel would be of particular benefit to the Court or to Plaintiff at this time. Neither the factual issues nor the legal issues in this case are complex. The facts involve a small number of actors and a discrete time frame. Plaintiff's Amended Complaint contains a detailed description of the facts giving rise to his claims, indicating that he is capable of investigating and articulating the relevant facts. Moreover, a review of Plaintiff's other filings in the case indicate that Plaintiff is capable of understanding Defendant's motions and making relevant arguments in support of his claims and positions. Thus, after reviewing the record in light of the relevant standards, the Court does not find that appointment of counsel is warranted at this time.

### B. Plaintiff's Motion for Extension of Time

Plaintiff requests an extension of time (until July 22, 2015) to respond to Defendant's interrogatories and requests for production of documents. He states that has not participated in

the discovery process because he does not know how. Plaintiff also notes that he filed a motion for appointment of counsel on March 3, 2015, that had not been addressed. Defendant opposes the motion, arguing that Plaintiff has not provided any legitimate justification for his refusal to participate in discovery and comply with the Court's orders.

The Court will grant Plaintiff's motion for extension of time. It appears that Plaintiff may not have been participating in the discovery process because he was waiting for the Court to rule on his renewed motion for appointment of counsel. In light of Plaintiff's *pro se* status and the Court's late ruling on that motion, the Court finds sufficient justification exists to permit Plaintiff a brief additional period of time in which to respond to Defendant's discovery requests. However, Plaintiff should be aware that he is required to comply with this Court's orders and with the Federal Rules of Civil Procedure—whether or not he has counsel and whether or not there is a motion for appointment of counsel pending. It is well established that the fact that a plaintiff is representing himself does not excuse him from compliance with court orders or the Federal Rules of Civil Procedure. *Lindstedt v. City of Granby,* 238 F.3d 933, 937 (8th Cir. 2000); *Ackra Direct Marketing Corp. v. Fingerhut Corp.,* 86 F.3d 852, 856 (8th Cir. 1996). Plaintiff may not simply ignore future discovery requests or orders based on his lack of counsel.

**C. Defendant's Motion for Sanctions and Dismissal**

Defendant requests that the Court dismiss all of Plaintiff's claims, with prejudice, due to Plaintiff's failure to comply with this Court's Case Management Order and with this Court's order requiring Plaintiff to provide Defendant with Rule 26 disclosures and responses to discovery requests by June 18, 2015. In his response, Plaintiff argues that the case is complex and that the Court should appoint counsel.

The Court is not unsympathetic to Defendant's position. Plaintiff's noncompliance with this Court's orders has rendered Defendant unable to conduct discovery. It has also required Defendant to expend time and resources preparing motions and attending hearings in an effort to get Plaintiff to comply. However, as discussed above, it appears that Plaintiff's inaction in this case may have been because he was waiting for the Court to rule on his renewed motion for appointment of counsel. In light of Plaintiff's *pro se* status and the Court's late ruling on that motion, the Court does not find a sufficient basis for dismissing the case at this time. However, Plaintiff is warned that future violations of the Court's orders may result in dismissal of this action. *See* Fed. R. Civ. P. 37(b)(2)(A). *See also Schoffstall v. Henderson*, 223 F.3d 818, 823 (8th Cir. 2000) (court may consider sanction of dismissal "if there is (1) an order compelling discovery, (2) a willful violation of that order, and (3) prejudice to the other party").

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motions for appointment of counsel (Docs. 32 & 49) are **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's motion for extension of time to reply to Defendant's interrogatories and requests for production of documents (Doc. 54) **is GRANTED**. Plaintiff shall, by **Wednesday, August 12, 2015**, respond to Defendant's interrogatories and requests for production of documents.

**IT IS FURTHER ORDERED** that Defendant's Motion for Sanctions and Dismissal (Doc. 46) is **DENIED**, without prejudice. If Plaintiff fails to comply with this order or with any future orders, Defendant may renew its motion at a later date.

/s/Shirley Padmore Mensah  
SHIRLEY PADMORE MENSAH  
UNITED STATES MAGISTRATE JUDGE

Dated this 29th day of July, 2015.